Filed 12/17/15  Poll v. Hewlett-Packard Co. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LEON POLL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Defendant and Respondent. | 2d Civil No. B258873<br>(Super. Ct. No. 56-2013-<br>00437629-CU-WT-VTA)<br>(Ventura County) |

Appellant Leon Poll challenges the trial court's grant of summary judgment to his former employer, respondent Hewlett-Packard Company (HP).  He claims that during the final three days of his employment HP failed to accommodate his temporary disability and failed to engage in the interactive process.  We affirm.

FACTS AND PROCEDURAL HISTORY

Poll was employed by HP as a Cognos Senior Software Engineer.  He worked entirely for one HP client, Amgen, out of its offices.  His position was a "desk job" that consisted solely of sitting in front of a computer, writing emails, and occasionally answering the phone.  It did not involve any manual labor.

HP decided to terminate Poll.  During his last week at work, he emailed his supervisor, Linda Belzer, stating that he was "experiencing . . . severe pain in the right side of [his] upper body."  He attached a doctor's note stating that he was "temporarily

totally disabled" unless his duty was modified so that he "[took] a break every 30 minutes to stretch" and refrained from "lifting in excess of 15 pounds" and "repetitive or forceful grasping, gripping, torquing, pulling and/or pushing with [his] right hand." Belzer responded, "Based on your attached Doctor's note, we can meet your doctor's recommendations for modified duty for the remainder of the week, effective immediately." Belzer had never visited Poll's job site. She did not follow up to ensure that his disability was being accommodated.

Poll sued HP, claiming that during his final week it failed to accommodate his disability and failed to engage in the interactive process.[1] (Gov. Code, § 12940, subds. (m), (n).) The trial court granted HP summary judgment on both causes of action, finding that Poll "was accommodated during the brief period between his delivery of the doctor's note . . . and his termination three days later." The trial court agreed with HP that he was not entitled to punitive damages because "Belzer was not a managing agent" and "neither [she] nor any managing agent engaged in fraud, oppression, or malice."

DISCUSSION

Poll contends that the trial court erred by granting summary judgment to HP because he presented evidence showing that his disability was not accommodated. He also contends that the trial court erred by dismissing his demand for punitive damages because Belzer was a managing agent who engaged in oppression, fraud, or malice. We review a trial court's grant of summary judgment de novo. (*William Jefferson & Co., Inc. v. Assessment Appeals Board* (2014) 228 Cal.App.4th 1, 9.)

The parties agree on the essential facts. They disagree whether, once Belzer told Poll that his disability would be accommodated, HP was required to do anything further to ensure that it was. Poll contends that HP "could not simply assume that [his] request was accommodated without any further action on its part" because it

---

[1] Poll also alleged causes of action for disability discrimination (Gov. Code, § 12940, subd. (a)), wrongful termination in violation of public policy, and violation of the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.). He does not challenge the trial court's grant of summary judgment in favor of HP on these claims.

2

"had a duty to evaluate the accommodation and ensure that it was effective." He relies on *U.S. Airways, Inc. v. Barnett* (2002) 535 U.S. 391, 400, which held the opposite—that while a reasonable accommodation is required, "the word 'reasonable' does not mean 'effective.'"

He also relies on *Criado v. IBM Corp.* (1st Cir. 1998) 145 F.3d 437, 444, which stated that "'[a]n employee's request for reasonable accommodation requires a great deal of communication between the employee and employer[;] . . . both parties bear responsibility for determining what accommodation is necessary.'" We agree with this statement of the law but conclude that any communication breakdown was entirely attributable to Poll.

HP agreed to meet Poll's requested accommodation without qualification. He concedes that he was not required to lift more than 15 pounds. He gave deposition testimony that he could use his left hand to talk on the phone and move the mouse and that his laptop had a mouse in the middle, which presumably would have enabled him to avoid repetitive movements with his right hand. The requirement that he stretch every 30 minutes was likewise entirely within his control, and he admitted no one told him he could not take a break to do this.

If despite HP's reasonable expectation that Poll's disability had been fully accommodated, he felt his job requirements at Amgen somehow conflicted with his medical restrictions, he had an obligation to discuss his concerns with his supervisor so that HP could clarify his responsibilities or make additional accommodations. (See *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 62, fn. 22 ["Each party must participate [in the interactive process] in good faith, undertake reasonable efforts to communicate its concerns, and make available to the other information which is available, or more accessible, to one party. Liability hinges on the objective circumstances surrounding the parties' breakdown in communication, and responsibility

3

for the breakdown lies with the party who fails to participate in good faith"].)  There is no evidence that he did.[2]

Because the trial court properly granted summary judgment to HP on Poll's claims for failure to accommodate his disability and failure to engage in the interactive process, we need not evaluate his arguments concerning the trial court's ruling that he was not entitled to punitive damages.

DISPOSITION

The judgment is affirmed.  Costs on appeal to HP.

<u>NOT TO BE PUBLISHED.</u>


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

---

[2] Poll claims that he could not have presented such evidence in the trial court because HP "ambushed" him with "new arguments" on appeal.  The record is to the contrary.  In HP's motion for summary judgment, HP argued that it accommodated him because, among other reasons, his desk job "never required [him] to lift in excess of 15 pounds or engage in repetitive or forceful grasping, gripping, torqueing, pulling and/or pushing with his right hand."  It further argued that he "worked from Amgen's worksite so HP did not and could not prevent him from taking a break every 30 minutes to stretch."  His failure to adequately respond to these arguments below and here is not due to his "complete surprise."

4

Vincent J. O'Neill, Jr., Judge

Superior Court County of Ventura

_____


Workplace Justice Advocates, Tamara S. Freeze and Robert A. Odell for Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton, Tracey A. Kennedy and Cassidy M. English; Angela M. Briggs for Defendant and Respondent.